**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION, d/b/a GREAT PLAINS HEALTH,

Plaintiff,

v.

REGIONAL WEST HEALTH SERVICES & AFFILIATES EMPLOYEE BENEFIT PLAN, and REGIONAL WEST HEALTH SERVICES,

Defendants.

CASE NO.: 4: 26-cv-3368

**COMPLAINT**

COMES NOW Plaintiff North Platte, Nebraska Hospital Corporation, d/b/a Great Plains Health ("Great Plains"), and for its Complaint against Defendant Regional West Health Services & Affiliates Employee Benefit Plan (the "Plan") and Defendant Regional West Health Services ("RWHS"), as Plan Sponsor and/or Plan Administrator (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), to recover unpaid medical benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and, alternatively, to obtain restoration of losses to the Plan resulting from RWHS's

breaches of fiduciary duty pursuant to ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

2. Great Plains is a hospital that provided medically necessary health care services to patients who are participants or beneficiaries covered under the Plan ("Patients"). The Plan is a self-funded employee welfare benefit plan sponsored and/or administered by RWHS for the benefit of its employees and their dependents.

3. The Patients validly assigned to Plaintiff all rights to benefits payable under the Plan for the services at issue, together with the Patients' causes of action against Defendants arising from the Plan's failure to pay for those services, as more fully described below.

4. Despite due demand, Defendants have failed and refused to pay benefits due under the Plan for covered services rendered to Patients ("Covered Services"), in violation of the terms of the Plan and ERISA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and (f), which provide the federal district courts with jurisdiction over civil actions brought under ERISA Section 502(a), and pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the District of Nebraska pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this District, the breach giving rise to this action took place in this District, benefits were due to be paid to Plaintiff in this District, and Defendant RWHS resides or may be found in this District.

## PARTIES

7. Plaintiff Great Plains is a hospital organized and existing under the laws of the State of Nebraska as a nonprofit domestic corporation, with its principal place of business in North Platte, Nebraska.

8. Defendant Regional West Health Services & Affiliates Employee Benefit Plan is a self-funded employee welfare benefit plan, as defined by ERISA Section 3(1), 29 U.S.C. § 1002(1), established and/or maintained by Regional West Health Services for the benefit of its eligible employees and their dependents, including Patients.

9. Defendant Regional West Health Services is a nonprofit domestic corporation organized and existing under the laws of the State of Nebraska, and is the sponsor of the Plan and/or the Plan Administrator, as defined by ERISA Section 3(16), 29 U.S.C. § 1002(16), responsible for the administration of the Plan, including the adjudication and payment of claims for benefits such as the Claims at issue in this action.

10. The Plan and RWHS are proper parties because, under ERISA Section 502(d)(1), 29 U.S.C. § 1132(d)(1), an employee benefit plan may sue or be sued as an entity, and because RWHS, as Plan Sponsor and/or Plan Administrator, controls administration of the Plan and the payment of benefits at issue.

## FACTUAL BACKGROUND

11. At all times relevant to this Complaint, Patients were employees of RWHS or dependents of an RWHS employee, and were enrolled in and covered under the Plan.

12. Between October 28, 2025, and September 28, 2026, Great Plains provided medically necessary Covered Services to Patients.

13. The services rendered to Patients were Covered Services under the terms of the Plan, and benefits for those services are due and payable under the Plan.

14. Great Plains submitted claims ("Claims") to RWHS seeking payment for the Covered Services rendered to Patients.

15. RWHS adjudicated and approved the payment of benefits for each of the Claims.

16. Notwithstanding the approval of the Claims for payment under the terms of the Plan, the Plan has failed to pay amounts due.

17. On July 28, 2026, Great Plains, through counsel, sent RWHS a written demand for payment of $398,573.03 in outstanding claims for services provided through June 17, 2026.

18. On August 31, 2026, RWHS, through its general counsel, acknowledged the debt and stated that RWHS would pay the balance due in full "as cash flow dictates."

19. On September 9, 2026, Great Plains renewed its demand for payment and advised RWHS that the outstanding balance had increased to $629,473 as of September 8, 2026.

20. As of the date of this Complaint, the outstanding balance due to Great Plains from the Plan is $631,541.99. That balance will increase as additional Covered Services are provided by Great Plains to Plan participants and beneficiaries.

21. Great Plains and/or Patients have exhausted all administrative remedies required under the Plan, to the extent any such remedies exist.

22. In the alternative, to the extent any administrative remedy was not formally completed, exhaustion should be excused or deemed satisfied because:

(a) Defendants failed to establish or follow claims procedures consistent with 29 C.F.R. § 2560.503-1, including by failing to issue any timely adverse benefit determination with respect to the Claims, such that Great Plains and/or Patients are deemed to have exhausted the Plan's administrative remedies pursuant to 29 C.F.R. § 2560.503-1(l); and

(b) any attempt to pursue further administrative review would be futile.

**COUNT I**

**RECOVERY OF BENEFITS DUE UNDER 29 U.S.C. § 1132(a)(1)(B)**

23. Great Plains incorporates the allegations set forth in the foregoing paragraphs as if fully set forth here.

24. Great Plains brings its first cause of action as assignee of the rights of the Patients. Great Plains is the valid assignee of the Patients' right to benefits due under the Plan and of the Patients' causes of action against Defendants for nonpayment of those benefits.

25. The Plan is an employee welfare benefit plan governed by ERISA.

26. The Patients were, at all relevant times, participants or beneficiaries of the Plan within the meaning of ERISA Sections 3(7) and 3(8), 29 U.S.C. § 1002(7) and (8).

27. The services rendered to the Patients were Covered Services for which benefits are due and have been approved for payment under the terms of the Plan.

28. Defendants have failed and refused to pay benefits due and approved for payment under the Plan for the Covered Services rendered to Patients, despite due demand.

29. Great Plains is entitled to recover benefits due under the Plan in an amount not less than $631,541.99, to enforce its rights under the terms of the Plan, and to clarify its rights to benefits under the Plan.

**COUNT II**

**BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. §§ 1104(a), 1109, PURSUANT TO 29 U.S.C. § 1132(a)(2)**

30. Great Plains incorporates the allegations set forth in the foregoing paragraphs as if fully set forth here.

31. Great Plains' second cause of action is brought as assignee of Patients' claims as participants and beneficiaries of the Plan, pursuant to ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

32. RWHS, as Plan Sponsor and/or Plan Administrator, exercises discretionary authority and control over the administration of the Plan, including with respect to funding, contributions, and reserves available to pay covered claims, and is therefore a fiduciary of the Plan.

33. On information and belief, RWHS failed to maintain, contribute, or set aside assets sufficient to enable the Plan to pay covered claims, including the Claims

at issue in this action, notwithstanding its obligations and/or practice of funding the Plan to pay such claims as they arose.

34. In failing to adequately fund the Plan and/or in failing to preserve, collect, or remit assets belonging to the Plan, RWHS breached its fiduciary duties of loyalty and prudence under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), including the duty to discharge its duties with respect to the Plan solely in the interest of participants and beneficiaries and for the exclusive purpose of providing benefits to them.

35. As a result of RWHS's breach of fiduciary duty, the Plan has suffered losses, including its inability to pay covered claims such as the Claims at issue and its exposure to the multiple remedies available to plan participants and beneficiaries for such a breach, for which RWHS is liable in an amount not less than $631,541.99.

**PRAYER FOR RELIEF**

WHEREFORE, Great Plains respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. Award Great Plains the unpaid benefits due under the Plan for the Covered Services, in an amount to be proven at trial;

B. Alternatively, order RWHS to restore losses to the Plan caused by its fiduciary breaches and grant appropriate equitable relief;

C. Award prejudgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

D. Grant such other and further relief as the Court deems just and proper.

Dated this 4th day of November, 2026.

NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION, d/b/a GREAT PLAINS HEALTH, Plaintiff

By: /s/Brian Barmettler

Brian Barmettler (NE# 27017)
Natalie Wisnieski (NE# 28238)
of BAIRD HOLM LLP
1700 Farnam St., Suite 1500
Omaha, NE 68102-2068
Phone: 402.344.0500
Fax: 402.344.0588
Email: bbarmettler@bairdholm.com
Email: nwisnieski@bairdholm.com